GRANT-HOLUB CO. v. GOODMAN et.

Ohio Appeals, 5th Dist., Stark Co.

Sieber, Sieber & Amer and H. B. Webber, Canton, for Grant-Holub Co.

Turner, Ake, Abt & Gnau, Canton, for Goodman et.

SHIELDS, J.

1.  853.  NOVATION—297.  Contracts.

To effect novation, there must be clear and definite intention by all parties that such is purpose of agreement, since novation is never presumed.

2.  362.  DEBTOR & CREDITOR.

Evidence that debtor informed creditor that affiliated company might help in paying its account, and that creditor thereby extended credit to debtor by taking its note and check, which were not paid, did not show definite intention to effect novation of debt.

3.  362.  DEBTOR & CREDITOR.

Alleged assumption of debt by company affiliated with debtor company, by affiliated company paying part of debt and giving note for balance, without showing assent of creditor to substitution of debtors, did not constitute novation releasing original debtor.

4.  923.  PLEADINGS.

In suit for balance of unpaid account, defended on ground of novation releasing defendant from liability, reply by plaintiff that al-

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

leged substituted debtor and defendant fraudulently deceived plaintiff in accepting note by substituted debtor, but that there was no agreement to discharge defendant, did not plead confession and avoidance, admitting novation but claiming it to be fraudulent so as to require separate action by creditor to set aside alleged novation.

5. 362. DEBTOR & CREDITOR.
Where debtor defaulted in payment of note and check given for account, and creditor accepted note and check of company affiliated with debtor, but original note of debtor was not taken up at any time, there was no novation extinguishing original note or discharging original debtor.

6. 853. NOVATION.
Novation requires that pre-existing obligation must be extinguished.

7. 953. NOVATION.
Novation requires new contract to which all parties concerned must agree.

8. 225. CHARGE OF COURT.
In action on unpaid account, defended on ground of novation refusal to give propositions of law omitting distinction between novation where one debt is substituted for another and novation where one debtor is substituted for another, which was applicable to facts, held proper.
(Houck, PJ., and Lemert, J., concur.)
For reference to full opinion, see Omnibus Index, last page, this issue.